**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PANDA LIFE LTD.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PANDA HOME LIMITED,<br>SOLACE SLEEP LLC,<br><br>　　　　　Defendants. | Civil Action No. _____<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff Panda Life Ltd. ("Panda Life"), by its attorneys, Quarles & Brady LLP, hereby states its Complaint against Defendants Panda Home Limited and Solace Sleep LLC (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION & DISPUTE

1.　　This is an action for damages and injunctive relief against Defendants for trademark infringement, false designation of origin, false advertising, and unfair competition under Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); the common law of the State of Georgia; and the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. 10-1-370, *et seq.*

2.      This action arises out of Defendants' use of the mark PANDA Z Z Z that infringes and is likely to cause confusion, mistake, and/or to deceive as to the affiliation, connection, and association with Panda Life's PANDA-formative trademarks.

3.      This is further an action for declaratory judgment under 28 U.S.C. § 2201 *et seq.* for a judicial declaration that Panda Life's PANDA LIFE United States Trademark Registration (U.S. No. 4,833,551) was not obtained or maintained fraudulently.

4.      Panda Life and Defendants are engaged in Opposition and Cancellation proceedings before the United States Patent and Trademark Office's Trademark Trial and Appeals Board involving claims against Panda Life's and Defendants' trademarks.

## **THE PARTIES**

5.      Plaintiff Panda Life Ltd. ("Panda Life"), is a limited liability company duly organized and existing under the laws of the United Kingdom, located and doing business at 447 High Road, London, N12 0AF, United Kingdom. Panda Life sells bed and bath goods bearing its U.S. registered and common law trademarks within the United States.

6.      Upon information and belief, Defendant Panda Home Limited ("Panda Home") is a limited company organized under the laws of Israel and residing at Hamafter 13, Michmoret, Israel 40297.

7.      Upon information and belief, according to publicly available corporate filings and/or records, Defendant Solace Sleep LLC ("Solace Sleep") is a Delaware limited liability company and a foreign limited liability company under the laws of New York with its principal place of business at 826 Saint Charles Ave. NE, Atlanta, Georgia 30306.

8.      Upon information and belief, according to publicly available corporate filings and/or records, Mr. Natan Avisar is the sole owner and principal of both Defendants Panda Home and Solace Sleep.

9.      According to public records, Mr. Avisar owns the Atlanta, Georgia property from which Solace Sleep operates.

10.      Upon information and belief, informed by the non-confidential information produced in the TTAB Opposition, Solace Sleep is Panda Home's importer and distributor of all Panda Home goods sold within the United States and issues invoices for Panda Home goods sold within the United States.

11.      Upon information and belief, Panda Home, under Mr. Avisar's oversight, operates the website https://pandazzz.com/ (the "Panda Z Z Z Website").

12.     Upon information and belief, informed by the non-confidential information produced in the TTAB Opposition, Solace Sleeps fulfills orders, including those completed on the Panda Z Z Z Website, by shipping products from Solace Sleep's Atlanta, Georgia address throughout the United States, including into Georgia and this judicial district.

13.     Upon information and belief, Solace Sleep's activities are under the express control and direction of Panda Home and/or Mr. Avisar.

14.     Upon information and belief, Panda Home exercises substantial control over Solace Sleep's functions and decision-making processes. Panda Home and/or Mr. Avisar directed, controlled and/or encouraged Solace Sleep to engage in the infringing conduct addressed herein.

## JURISDICTION AND VENUE

15.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. This Court has supplemental subject-matter jurisdiction over the Georgia State claims under 28 U.S.C. § 1367(a). This Court further has subject-matter jurisdiction over Panda Life's request for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202.

16.     This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202, because this case presents a case of actual controversy within this Court's jurisdiction.

17.     This Court has personal jurisdiction over Solace Sleep because its principal place of business is within this State and judicial district.

18.     Alternatively, this Court has personal jurisdiction over Solace Sleep because, on information and belief, Solace Sleep is providing, advertising, distributing, promoting, offering to sell, and/or selling products using the infringing mark from this District and/or to consumers within this District.

19.     This Court has personal jurisdiction over Panda Home because, on information and belief, Panda Home is providing, advertising, promoting, offering to sell, and/or selling products using the infringing mark to consumers within this State and judicial district.

20.     Defendants have caused and are causing injury and damages to Panda Life within Georgia and this judicial district by committing infringing acts within this State and this judicial district through their unauthorized and infringing use of the PANDA Z Z Z mark.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and because Defendants are subject to personal jurisdiction in this district with respect to the claims at issue.

## FACTS GIVING RISE TO THIS ACTION

### Panda Life's Business and Trademarks

22.     Panda Life is an award-winning supplier of high-quality bed and bath products, including pillows, mattresses and/or mattress toppers, duvets, linens, mattress and pillow covers, mattress protectors, towels, and bath rugs.

23.     In 2015, Panda Life sought to design and create new bed and bath products that felt incredibly soft, like Egyptian cotton, and were also eco-friendly to source, manufacture, and recycle.

24.     Panda Life uses PANDA-formative trademarks in connection with Panda Life's goods, including its bed and bath goods that are advertised, promoted, sold, and/or rendered by Panda Life in U.S. commerce. Panda Life's PANDA-formative Marks include, but are not limited to: PANDA, PANDA LIFE, PANDA LONDON,  .

25.     Panda Life's PANDA-formative Marks have been in use, including within United States interstate commerce, in connection with goods, including bed and bath products, since at least April, 2015. (*See* **Exhibits A**, **B**).

26.     Panda Life's website, available at www.mypandalife.com and www.pandalondon.com, advertises, promotes, sells, and offers for sale Panda Life's bed and bath products to consumers in the United States in connection with

its various PANDA-formative Marks. Panda Life routinely sells its products through its website to consumers located in the United States. (*See* **Exhibit C**).

27.     Beyond Panda Life's website, Panda Life has sold and offered for sale, and is selling and offering for sale, its bed and bath goods, including its memory foam pillows and mattress toppers, using its PANDA-formative Marks online, including selling or offering to sell within the United States. Attached as **Exhibit D** are examples of Panda Life's use of its PANDA-formative Marks online at Etsy.com. Attached as **Exhibit E** are examples of Panda Life's use of its PANDA-formative Marks online at Amazon.com.

28.     A non-limiting example of Panda Life's use of its PANDA-formative Marks in connection with pillows is shown below:



(*See* **Exhibit E**).

29.     Non-limiting examples of Panda Life's use of its PANDA-formative

Marks in connection with mattresses is shown below:









(*See* **Exhibits C, E**).

30.     Panda Life is the owner of, and will rely upon, the following United States registrations (collectively the "PANDA Registrations") for its PANDA-formative Marks:

| Reg. No. | Trademark | Goods | Reg. Date |
|---|---|---|---|
| 4,833,551 | PANDA LIFE | <u>Class 20</u>: mattresses, pillows.<br><br><u>Class 24</u>: Bed sheets, bed blankets, bed spreads, bed quilts, pillow cases.<br><br>(First Use: Apr. 9, 2015) | Oct. 13, 2015 |
| 6,382,600 |  | <u>Class 20</u>:  Pillows; head-supporting pillows; neck-supporting pillows; mattresses; mattresses for children's beds; pillows and cushions; neck pillows other than for medical or surgical use; mattress toppers; bed mattresses.<br><br><u>Class 24</u>: Pillow cases; pillow covers; bed sheets; bed linen; bed blankets; towels; large bath towels; bath towels; duvet covers; duvets; bed throws; bed spreads; mattress covers; mattress protector pads; muslin fabric squares; muslin fabric.<br><br>(Sec. 67 Priority Date: Nov. 28, 2018) | June 15, 2021 |

Captured information from the TESS, TSDR and Assignment electronic databases of the U.S. Patent & Trademark Office ("USPTO") showing the current status and title of U.S. Registration Nos. 4,833,551 and 6,382,600 is attached as **Exhibit F**.

Said registrations are valid and subsisting and are *prima facie* evidence of Panda Life's exclusive right to use its PANDA LIFE and PANDA LONDON Marks in commerce in connection with the goods specified in the registrations.

31.     Panda Life's U.S. Registration No. 4,833,551 for PANDA LIFE is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, which is conclusive evidence of the validity of the registered mark, the registration, Panda Life's ownership of the PANDA LIFE Mark, and Panda Life's exclusive right to use the PANDA LIFE Mark in commerce under Section 33 of the Lanham Act, 15 U.S.C. § 1115.

32.     Panda Life's PANDA-formative Marks are associated with many awards and recognition for Panda Life's bed and bath productions, including the T3 Awards 2020 Winner for Best Pillow.  (*See* **Exhibit G**).

33.     Panda Life has advertised, promoted, offered, and sold Panda Life's goods in connection with its PANDA-formative Marks to the public through channels of trade in commerce, with the result that Panda Life's customers and the relevant purchasing public in general have come to know and recognize Panda Life's PANDA-formative Marks and associate the same with Panda Life and/or the goods promoted, offered, and sold by Panda Life.

34.     Panda Life has invested in the advertising and promoting of its goods under its PANDA-formative Marks.

QB\630976.00133\72466181.3

35.     Panda Life has goodwill in connection with the sale of its goods in connection with the PANDA-formative Marks.

### Defendants' Unauthorized Use of Panda Life's PANDA-formative Marks

36.     Upon information and belief, Panda Home was founded in late 2019 as a direct competitor to Panda Life and purports to offer and/or sell identical bedding products to Panda Life's products.

37.     Upon information and belief, Solace Sleep is Panda Home's sole importer and distributor of all Panda Home goods sold within the United States and issues all invoices for Panda Home goods sold within the U.S.

38.     Defendants own and operate the website www.pandazzz.com which, upon information and belief, is the primary source of Defendants' sales within the U.S.  Upon further information and belief, Defendants have previously sold their products within the U.S. through Amazon.com, Ross Stores, Wayfair, and Overstock.com.

39.     Upon information and belief, Defendants were aware of Panda Life, including its PANDA-formative Marks and bed and bath products, well before Defendants launched their business in connection with the PANDA Z Z Z mark.

40.     Indeed, Defendants www.pandazzz.com website closely simulates and/or imitates Panda Life's own website:

QB\630976.00133\72466181.3





41.     Upon information and belief, Defendants established their business with the intention to directly compete with Panda Life and utilize a confusingly similar PANDA-formative trademark to trade off the goodwill and success associated with Panda Life's PANDA-formative Marks and goods.

42.     On September 9, 2019, Panda Home applied under Trademark Act Section 1(a) for registration of the PANDA Z Z Z Mark in classes 20 and 24. This application was assigned U.S. Serial No. 88/609,137 ("the '137 Application"). A copy of the prosecution history for the '137 Application is attached as **Exhibit H**.

43.     On November 9, 2020, Panda Home filed a Request to Divide the '137 Application and convert the class 24 goods into an intent-to-use (§ 1(b)) application.  Panda Home's Request was processed on December 7, 2020 to create U.S. Serial No. 88/979,765 ("the '765 Application").  (*See* **Exhibit I**).

44.     Panda Home's pending U.S. trademark applications for PANDA Z Z Z are as follows:

> **'137 Application, § 1(b)** - Class 24: mattress pads; bed sheets; duvets and comforters
>
> '**765 Application, § 1(a)** – Class 20: mattresses; pillows; mattress toppers

A copy of the prosecution history for the '765 Application is attached as **Exhibit I**.

45.     The '137 and '765 Applications published for Opposition in the Trademark *Official Gazette* on January 19, 2021.

46.     On February 17, 2021, Panda Life filed an Opposition Notice with the United States Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board ("TTAB") against the '137 and '765 Application on the grounds that the Applications were likely to cause confusion with Panda Life's senior PANDA-formative Marks. The Opposition against the '137 and '765 Application was assigned Opposition No. 91267703 ("the TTAB Opposition").

47.     On April 23, 2021, Panda Home answered Panda Life's Opposition Notice.

48.     Panda Life and Panda Home engaged in factual discovery in the TTAB Proceeding.

49.     On December 23, 2021, Panda Life timely served an expert report containing the results of a trademark survey finding that sixty-four percent (64%) of the relevant purchasing public was likely to be confused by the PANDA Z Z Z mark in connection with the applied-for bedding goods.

50.     On December 20, 2021, Panda Home filed a Petition for Cancellation with the TTAB against Panda Life's PANDA LIFE Registration (U.S. Reg. No. 4,833,551) claiming the PANDA LIFE Registration was fraudulently obtained and/or maintained. The Cancellation was assigned Cancellation No. 92078712 (the "TTAB Cancellation"). Panda Life's response to the Petition for Cancellation currently is due on March 3, 2022.

51.     On September 14, 2018, prior to Panda Home filing the '137 and '765 Applications, Defendant Solace Sleep filed two U.S. trademark applications to register ZZZ PANDA (Serial No. 88/117,224) and PANDA ZZZ (Serial No. 88/117,143) in connection with "mattresses; pillows; mattress toppers" in Class 20 and "mattress pad; bed sheets; duvets and comforters" in Class 24. Mr. Natan Avisar was listed as the principal contact for Solace Sleep using Solace Sleep's Atlanta, Georgia address. (*See* **Exhibits J, K**).

52.     On January 9, 2019, the USPTO issued Office Actions against the ZZZ PANDA and PANDA ZZZ Applications because, *inter alia*, there was a potential for confusion with Panda Life's pending PANDA trademark application. On February 14, 2019, the USPTO suspended the ZZZ PANDA and PANDA ZZZ Applications because, *inter alia*, of the potential for confusion with Panda Life's PANDA trademark application. (*See* **Exhibits J, K**).

53.     On April 29, 2020, Solace Sleep filed an express abandonment of the ZZZ PANDA and PANDA ZZZ Applications. (*See* **Exhibits J, K**).

**<u>Defendants' Willful Behavior</u>**

54.     Upon information and belief, Defendants have been aware of Panda Life and/or its PANDA-formative Marks since at least August 2018.

55.     Defendants continue to use the PANDA Z Z Z mark despite Defendants' awareness of the PANDA-formative Marks and Panda Life's objections.

56.     Despite Panda Life's efforts, Defendants have refused to permanently cease and desist from using the PANDA Z Z Z mark in connection with goods identical to Panda Life's goods.

57.     The USPTO already informed Defendants that their use of a nearly identical mark to the PANDA Z Z Z mark is likely to cause confusion as to source or affiliation with Panda Life.

58.     Notwithstanding Defendants' knowledge of Panda Life and its PANDA-formative Marks, Defendants continue to infringe by utilizing the PANDA Z Z Z mark against Panda Life's express objection in connection with the advertising, marketing, and selling of goods identical to Panda Life's goods.

### Defendants' Unlawful Conduct

59.     Panda Life holds all right, title, and interest in its PANDA-formative Marks, including those covered by the PANDA Registrations (*see* **Exhibit F**).

60.     Panda Life owns valid and subsisting rights in the PANDA-formative marks, each of which has been in use since prior to Defendants' earliest priority date(s).

61.     Panda Life has used and continues to use its PANDA-formative Marks to market and sell bed and bath goods, including goods identical to the goods Defendants offer and/or sell in connection with the PANDA Z Z Z mark.

62.     Panda Life's bed and bath goods are sold, offered for sale, and marketed throughout the United States through Panda Life's website and Amazon.com in connection with Panda Life's PANDA-formative Marks.

63.     Panda Life's PANDA-formative Marks are inherently distinctive and have acquired secondary meaning, both individually and as a family.

64.     Defendants are not authorized to use Panda Life's PANDA-formative Marks or any colorable imitation or simulation of the PANDA-formative Marks.

65.     Defendants use the PANDA Z Z Z mark in connection with goods identical and/or related to the goods sold in connection with Panda Life's PANDA-formative Marks, including pillows and mattresses and/or mattress toppers.

66.     Defendants' PANDA Z Z Z mark is a simulation and colorable imitation of, and so resembles Panda Life's registered and common law PANDA-formative Marks.

67.     Defendants' PANDA Z Z Z trademark is confusingly similar to Panda Life's PANDA-formative Marks.

QB\630976.00133\72466181.3

68.     Defendants' PANDA Z Z Z trademark is similar to Panda Life's PANDA-formative Marks in appearance, sound, meaning, and commercial impression.

69.     Upon information and belief, Panda Life's goods and Defendants' goods will be sold in close proximity and purchased and used by the same general class of purchasers.

70.     Panda Life avers Defendants are using the PANDA Z Z Z mark in order to convey, imply, or indicate that Defendants' goods are affiliated and/or connected with Panda Life.

71.     The channels of trade used by Panda Life and Defendants are identical and/or overlapping.

72.     Defendants' use of the PANDA Z Z Z mark creates a likelihood of confusion in the minds of consumers and the trade as to whether Panda Life is the source, origin, affiliated with, or sponsors Defendants' products.

73.     Defendants' use of the PANDA Z Z Z mark creates in the minds of consumers and the trade a false impression and belief that the bed and/or bath goods offered in association with Defendants' PANDA Z Z Z mark trademark originate with, are affiliated with, or are sponsored by Panda Life.

74.     Defendants' use of the PANDA Z Z Z mark infringes on Panda Life's rights, including Panda Life's senior rights in its PANDA-formative Marks.

-18-

75.     Defendants' use of the PANDA Z Z Z mark is an unlawful attempt to pass off Defendants' goods as coming from or being affiliated with Panda Life.

76.     Defendants' use of the PANDA Z Z Z mark constitutes unfair competition with Panda Life.

## COUNT I
### Federal Trademark Infringement
### Lanham Act Section 32(1) (15 U.S.C. § 1114(1))

77.     Panda Life restates and incorporates by reference all previous allegations in paragraphs 1-76.

78.     Defendants' actions constitute trademark infringement under 15 U.S.C. § 1114.

79.     Panda Life's rights in its PANDA-formative Marks are superior to any rights of Defendants to PANDA Z Z Z.

80.     Defendants' PANDA Z Z Z mark is confusingly similar to Panda Life's PANDA-formative Marks.

81.     Members of the relevant purchasing public are likely to be confused, mistaken, or deceived as to the origin and sponsorship of Defendants' goods and misled into believing that such goods are produced and/or rendered by, emanate from, or are in some way associated with Panda Life, to the damage and detriment of Panda Life and its reputation in violation of Trademark Act Section 2(d), 15 U.S.C. § 1052(d).

82.     Panda Home's unauthorized use, directly or indirectly through Solace Sleep, in commerce of PANDA Z Z Z as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Panda Life, or that Defendants are in some way affiliated with or sponsored by Panda Life.

83.     Panda Home's conduct, directly or indirectly through Solace Sleep, is causing immediate and irreparable harm and injury to Panda Life, and to its goodwill and reputation.

84.     Accordingly, Defendants' use of the PANDA Z Z Z mark to market and sell Defendants' goods has caused and/or is likely to cause customers to mistakenly believe that Defendants' goods are sponsored by and/or affiliated with Panda Life, constituting Lanham Act trademark infringement.

85.     Defendants' infringement is intentional, willful, and/or in reckless disregard of Panda Life's senior rights in its PANDA-formative Marks.

86.     By infringing Panda Life's PANDA-formative Marks, Defendants have caused Panda Life to suffer and, unless enjoined by this Court, will cause Panda Life to continue to suffer, substantial injury, including lost profits, for which Panda Life is entitled to damages.

QB\630976.00133\72466181.3

87.     If Defendants' infringement is not enjoined, Panda Life will suffer irreparable harm that cannot adequately be compensated by a monetary award.

88.     Panda Life is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 117, together with prejudgment and post-judgment interest.

## COUNT II
### False Designation of Origin
### Lanham Act Section 43(a) (15 U.S.C. § 1125(a))

89.     Panda Life restates and incorporates by reference all previous allegations in paragraphs 1-76.

90.     Defendants' actions constitute false designation of origin under 15 U.S.C. § 1125(a).

91.     Panda Life holds all right, title, and interest in its PANDA-formative Marks, including those covered by the PANDA Registrations (*see* **Exhibit F**).

92.     Panda Life's rights in its PANDA-formative Marks are superior to any rights of Defendants to PANDA Z Z Z.

93.     Panda Home's unauthorized use, directly or indirectly through Solace Sleep, in commerce of the PANDA Z Z Z trademark as alleged herein constitutes false designation of origin, passing off, misappropriation, palming off and/or a

misleading description or representation of fact that is likely to cause mistake, confusion, and/or deception as to the origin, sponsorship, authorization, creation, or approval of Defendants' products as those from Panda Life, in violation of 15 U.S.C. § 1125(a).

94.     Defendants' collective use of PANDA-formative marks, including PANDA Z Z Z, to market and sell their goods, has caused and/or is likely to cause customers to mistakenly believe, contrary to fact, that Defendants' goods originate from Panda Life, constituting Lanham Act false designation of origin

95.     Defendants' false designation is intentional, willful, and/or in reckless disregard of Panda Life's rights in its PANDA-formative Marks.

96.     By falsely designating its services, Defendants have caused Panda Life to suffer and, unless enjoined by this Court, will cause Panda Life to continue to suffer substantial injury, including lost profits, for which Panda Life is entitled to damages adequate to compensate it.

97.     If Defendants' false designation is not enjoined, Panda Life will suffer irreparable harm that cannot adequately be compensated by a monetary award.

98.     Panda Life is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the

-22-

Lanham Act, 15 U.S.C. §§ 1116, 117, together with prejudgment and post-judgment interest.

## COUNT III
### Federal Unfair Competition
### Lanham Act Section 43(a) (15 U.S.C. § 1125(a))

99.     Panda Life restates and incorporates by reference all previous allegations in paragraphs 1-76.

100.    Defendants' actions constitute unfair competition under 15 U.S.C. § 1125(a).

101.    Panda Life holds all right, title, and interest in its PANDA-formative Marks, including those covered by the PANDA Registrations (*see* **Exhibit F**).

102.    Panda Life owns and enjoys common law trademark rights in its PANDA-formative Marks.

103.    Panda Life's rights to its PANDA-formative Marks are superior to any rights of Defendants to PANDA Z Z Z.

104.    Panda Life avers Defendants are using the PANDA Z Z Z mark in order to convey, imply, or indicate that Defendants' goods are affiliated and/or connected with Panda Life.

105.    Defendants operate a confusingly similar website to Panda Life intended to unfairly compete with Panda Life, including by using a mark that is a simulation and colorable imitation of Panda Life's PANDA-formative Marks.

106.   Panda Home's unauthorized use, directly or indirectly through Solace Sleep, in commerce of PANDA Z Z Z as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Panda Life, or that Defendants are in some way affiliated with or sponsored by Panda Life.

107.   Defendants' unfair competition with Panda Life was, and is, done willfully, maliciously, and/or in an intentional disregard of Panda Life's rights.

108.   As a direct and proximate result of Defendants' wrongful actions, Panda Life has suffered, and continues to suffer, damage and loss, including to Panda Life's goodwill and reputation.

109.   Panda Life is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 117, together with prejudgment and post-judgment interest.

## <u>COUNT IV</u>
### Common Law Trademark Infringement

110.   Panda Life restates and incorporates by reference all previous allegations in paragraphs 1-76.

QB\630976.00133\72466181.3

111.   Panda Life's right in its PANDA-formative Marks are superior to any rights of Defendants to PANDA Z Z Z.

112.   Panda Home's unauthorized use, directly or indirectly through Solace Sleep, of the PANDA Z Z Z mark as alleged herein is likely to cause confusion, mistake, and deception among the consuming public to the affiliation, connection, or association of Defendants with Panda Life.

113.   Defendant's unauthorized use of the PANDA Z Z Z mark infringes Panda Life's rights in its PANDA-formative Marks in violation of Georgia common law.

114.   Defendants' infringement is intentional, willful, and/or in reckless disregard of Panda Life's trademark rights in its PANDA-formative Marks.

115.   By infringing Panda Life's PANDA-formative Marks, Defendants have caused Panda Life to suffer and, unless enjoined by this Court, will cause Panda Life to continue to suffer, substantial injury, including lost profits and harm to Panda Life's goodwill and reputation, for which Panda Life is entitled to damages.

116.   If Defendants' infringement is not enjoined, Panda Life will suffer irreparable harm that cannot adequately be compensated by a monetary award.

117.   Panda Life is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, and costs of the action under the common law of Georgia, together with prejudgment and post-judgment interest.

### COUNT V
**Violation of the Georgia Uniform Deceptive Trade Practices Act
O.C.G.A. 10-1-370,** *et seq.*

118.   Panda Life restates and incorporates by reference all previous allegations in paragraphs 1-76.

119.   Panda Life's right in its PANDA-formative Marks are superior to any rights of Defendants to PANDA Z Z Z.

120.   Panda Home's unauthorized use, directly or indirectly through Solace Sleep, of the PANDA Z Z Z mark as alleged herein is likely to cause confusion, mistake, and deception among the consuming public to the affiliation, connection, or association of Defendants with Panda Life.

121.   Defendants' unfair and deceptive acts and practices occurred in trade or commerce, including within Georgia.

122.   Defendants' unfair and deceptive acts and practices affected the public interest because, among other reasons, they are likely to confuse and deceive consumers as to the affiliation, connection, or association of Defendants with Panda Life.

QB\630976.00133\72466181.3

123.   Defendants' unfair and deceptive acts and practices are intentional, willful, and/or in reckless disregard of Panda Life's trademark rights in its PANDA-formative Marks.

124.   Defendants' unfair and deceptive acts and practices directly and proximately caused injury to Panda Life's business and its intellectual property rights, including among other things, its property interests in its PANDA-formative Marks.

125.   Panda Home's conduct, directly or indirectly through and/or in connection with Solace Sleep, constitutes an unfair method of competition and an unfair or deceptive act or practice in the conduct of trade or commerce in violation of O.C.G.A. 10-1-372 that has injured Panda Life in its business or property.

126.   Panda Life is entitled to, among other things, an order temporarily and permanently enjoining Defendants from advertising, marketing, distributing, offering, and selling bed and/or bath products under the PANDA Z Z Z mark, and for all of its damages in an amount to be proved at trial and together with costs and attorneys' fees pursuant to O.C.G.A. 10-1-373.

## COUNT VI
## Declaratory Judgment of No Fraud in the '551 Registration

127.   Panda Life restates and incorporates by reference all previous allegations in paragraphs 1-76.

128.    U.S. Trademark Registration No. 4,833,551 ("the '551 Registration)

for PANDA LIFE was registered on Oct. 13, 2015 to Summit Retail Solutions, Inc.

("Summit Retail").

129.    The '551 Registration contains the following goods:

Class 20: Mattresses; pillows

Class 24: Bed sheets; bed blankets; bed spreads; bed quilts; pillow cases.

130.    On March 25, 2020, Panda Life acquired, through Kelly Pioneer

Group, LLC as a broker intermediary, all rights, title, interest, and goodwill in

connection with the '551 Registration from Summit Retail.

131.    On February 17, 2021, Panda Life filed its Combined Declaration of

Use and Incontestability under Trademark Act Sections 8 & 15. Consistent with

the requirements of the Trademark Act and the USPTO's Trademark Manual of

Examining Procedure ("TMEP"), Panda Life included a specimen of use for on

pillows for goods in Class 20 and on fitted linen bed sheets in Class 24. (*See*

**Exhibit K**).

132.    On January 28, 2021, the USPTO accepted Panda Life's declaration

of use under Section 8 and acknowledged Panda Life's declaration of

incontestability under Section 15. Accordingly, the '551 Registration is valid and

current, incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, is

conclusive evidence of the validity of the registered mark, the registration, Panda

Life's ownership of the PANDA LIFE Mark, and Panda Life's exclusive right to use the PANDA LIFE Mark in commerce under Section 33 of the Lanham Act, 15 U.S.C. § 1115.

133.   On December 20, 2021, Panda Home filed a TTAB Petition for Cancellation against the '551 Registration alleging Fraud on the USPTO in connection with the '551 Registration's inclusion of "mattresses" in Class 20 in the application and renewal of the '551 Registration.

134.   In particular, Panda Home alleged Summit Retail and/or Panda Life did not use the PANDA LIFE Mark in connection with mattresses prior to the claimed first use date in the '551 Registration—April 9, 2015. Panda Home further alleged Panda Life did not use the PANDA LIFE Mark in connection with mattresses prior to Panda Life's February 17, 2021 declarations under Section 8 & 15.

135.   Contrary to Panda Home's allegations, prior to February 17, 2021 Panda Life used the PANDA LIFE Mark of the '551 Registration in connection with mattresses, including mattress toppers which can be used as stand-alone mattresses, in U.S. commerce.

136.   Additionally, Panda Life has never made any knowingly false statements in the prosecution or maintenance of the '551 Registration and Panda Life had no intent to deceive the USPTO.

137.   Defendants are unable to establish with clear and convincing evidence that Summit Retail or Panda Life made knowingly false statements to the USPTO in connection with obtaining or maintaining the '551 Registration. Defendants are further unable to establish with clear and convincing evidence that Summit Retail or Panda Life had an intent to deceive the USPTO.

138.   Panda Life therefore did not obtain or maintain the '551 Registration fraudulently.

139.   Consequently, an actual controversy exists between the parties with respect to whether or not the '551 Registration was obtained or maintained fraudulently.

140.   Consistent with the Court's power under 15 U.S.C. § 1119 to determine the right to registration of a trademark and its power to resolve an actual controversy regarding rights of a party under 28 U.S.C. § 2201 *et seq*., Panda Life seeks a declaration finding that the '551 Registration was not fraudulently obtained or maintained.

141.   A judicial declaration is necessary and appropriate so Panda Life may ascertain its rights regarding the '551 Registration.

QB\630976.00133\72466181.3

## **PRAYER FOR RELIEF**

WHEREFORE Panda Life seeks the following relief from this Court:

A.      A judgment against Defendants that Defendants have infringed, and continue to infringe, Panda Life's PANDA-formative Marks in violation of 15 U.S.C. § 1114;

B.      A judgment against Defendants that Defendants have infringed, and continue to infringe, Panda Life's PANDA-formative Marks in violation of Georgia state common law;

C.      An award of damages adequate to compensate Panda Life for Defendants' infringement, but no less than the damages and/or disgorgement of profits permitted by 15 U.S.C. § 1117 and any other applicable authority;

D.      A judgment that Defendants' trademark infringement has been, and continues to be, intentional, willful, and/or reckless;

E.      A judgment against Defendants that Defendants have committed, and continue to commit, false designation of origin in violation of 15 U.S.C. § 1125;

F.      A judgment that Defendants' false designation of origin has been, and continues to be, intentional, willful, and/or reckless;

G.      An award of damages adequate to compensate Panda Life for Defendants' false designation of origin, but no less than the damages and/or disgorgement of profits permitted by 15 U.S.C. § 1117 and any other applicable

authority;

H.     A judgment against Defendants that Defendants have unfairly
competed, and continues to unfairly compete, against Panda Life in violation of 15
U.S.C. § 1125;

I.     A judgment that Defendants' unfair competition has been, and
continues to be, intentional, willful, and/or reckless;

J.     An award of damages adequate to compensate Panda Life for
Defendants' unfair competition, but no less than the damages and/or disgorgement
of profits permitted by 15 U.S.C. § 1117 and any other applicable authority;

K.     A judgment against Defendants that Defendants have violated The
Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. 10-1-370, *et seq.*

L.     A judgment that Defendants' violation of The Georgia Uniform
Deceptive Trade Practices Act, O.C.G.A. 10-1-370, *et seq.* has been, and continues
to be, intentional, willful, and/or reckless;

M.     An award of damages adequate to compensate Panda Life for
Defendants' unfair and deceptive, including damages, costs, and attorneys' fees
pursuant to O.C.G.A. 10-1-373;

N.     Judgment declaring the '551 Registration was not fraudulently
obtained;

O.     Judgment declaring the '551 Registration was not fraudulently

maintained;

P.      An award of compensatory and punitive damages, under the authority

described above and any other applicable authority;

Q.      Injunctive relief, both preliminary and permanent, pursuant to 15

U.S.C. § 1116 and/or any other applicable authority, prohibiting Defendants from

continuing to violate Panda Life's rights in any way;

R.      A judgment that Defendants' acts of trademark infringement, false

designation or origin, and unfair competition warrant a finding that this is an

exceptional case;

S.      An award of reasonable attorneys' fees incurred herein pursuant to 15

U.S.C. § 1117 and/or any other applicable authority;

T.      An award of Panda Life's costs and expenses;

U.      An award of pre- and post-judgment interest; and

V.      Such other and further relief as the Court may deem just and proper.

## **<u>JURY DEMAND</u>**

Panda Life demands a trial by jury on all issues properly tried thereto.

QB\630976.00133\72466181.3

Dated this 22nd day of February, 2022.

Respectfully submitted,

THE SLADKUS LAW GROUP

*/s/ Carrie A. Hanlon*
Carrie A. Hanlon
Georgia Bar No. 289725
carrie@sladlaw.com
1397 Carrol Drive
Atlanta, GA 30318
Tel.: 404.252.0900
Fax: 404.252.0970

Lori S. Meddings
*Pro hac vice pending*
Martha Jahn Snyder
*Pro hac vice pending*
Bryce A. Loken
*Pro hac vice pending*
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
Tel.: (608) 251-5000
lori.meddings@quarles.com
martha.snyder@quarles.com
bryce.loken@quarles.com

**Attorneys for Plaintiff Panda Life Ltd.**

QB\630976.00133\72466181.3